ARC MUSIC CORP., Plaintiff-Appellant,

v.

Bobbi LEE and Joseph Robinson, d/b/a
Ben-Ghazi Enterprises, et al.,
Defendants-Appellees.

No. 47, Docket 26923.

United States Court of Appeals
Second Circuit.

Argued Nov. 1, 1961.

Decided Nov. 27, 1961.

Miles J. Lourie, of Orenstein & Arrow,
New York City, for plaintiff-appellant.

Jack Pearl, New York City (Martin
Pearl and Stuart Sprague, New York
City, on the brief), for defendants-appellees.

Before CLARK, HINCKS, and
FRIENDLY, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff asserts plagiarism of its copyrighted song "Billy's Blues" by defendants' later copyrighted song "Love Is Strange." Its claim was stated in two counts, one asking equitable relief for unfair competition or infringement, and the other seeking damages upon which it claimed trial by jury. The trial judge submitted the second count to the jury under an appropriate charge, and the jury returned a defendants' verdict. Thereafter the judge made his own findings on the first count, saying: "We find as a fact that the two copyrighted melodies herein involved are not substantially or materially similar and would not sound so to the average listener. We find also from the evidence presented, that the accused song, 'Love Is Strange,' was not copied from plaintiff's song, consciously or otherwise, but was in fact the unsuggested product of its composer's creative faculties—the result of independent intellectual labor." Plaintiff appeals from the resulting judgment for the defendants.

In this appeal plaintiff complains first that the court refused to charge, and to accept as applicable to the equitable claim, a doctrine of law which it names the "Inverse Ratio" Rule; and second that the findings of noncopying made by the court and represented by the jury's verdict for the defendants are not supported by the evidence. On this latter and crucial issue we are quite clear that notwithstanding plaintiff's vigorous arguments to the contrary the jury's verdict and the court's findings are amply supported in the record; neither upon analysis of the written musical compositions nor upon hearing their recordings does there appear any substantial show-

ing of similarities or of copying to prove the charge of plagiarism. Indeed any other finding or conclusion would have been dubious. O'Brien v. Thall, 2 Cir., 283 F.2d 741; Arnstein v. Porter, 2 Cir., 158 F.2d 795, certiorari denied 330 U.S. 851, 67 S.Ct. 1096, 91 L.Ed. 1294; Overman v. Loesser, 9 Cir., 205 F.2d 521, certiorari denied 346 U.S. 910, 74 S.Ct. 241, 98 L.Ed. 407. Nevertheless we shall consider the first assignment of error, that of not accepting the plaintiff's ingeniously fabricated principle of law: the asserted "Inverse Ratio" Rule.

In the federal law of copyright we find no such principle. The evidence for its existence is meager in any event; it is asserted to be contained in generalized statements in a state decision dealing with appropriation of literary property. Golding v. RKO Pictures, Inc., Cal.Sup., 208 P.2d 1, 3–4, 35 Cal.2d 690, 221 P.2d 95, 98. The court there did not assume, however, to be erecting a new principle of law, but only to justify the sufficiency of the evidence to support a jury verdict. It said merely that an inference of copying may arise when there is "proof of access *coupled with a showing of similarity*" (emphasis supplied), citing two federal cases for this truism, and then followed this with the statement that when there was strong evidence of access, "less proof of similarity may suffice," but that if such evidence is uncertain, "strong proof of similarity should be shown before the inference of copying may be indulged." This fairly general exposition has been cited without specific application in Grepke v. General Elec. Co., 7 Cir., 280 F.2d 508, 511, certiorari denied General Elec. Co. v. Grepke, 364 U.S. 899, 81 S.Ct. 232, 5 L.Ed.2d 193; while in Morse v. Fields, D.C.S.D.N.Y., 127 F.Supp. 63, it was held inapplicable in view of the failure to show similarities. That seems to comprise its history. At best its scope of possible application is small, since it can apply only to justify a result after a showing of similarity has been made.

We fear that counsel with that semantic proclivity natural to our profession have allowed themselves to be seduced by a superficially attractive apophthegm which upon examination confuses more than it clarifies. The logical outcome of the claimed principle is obviously that proof of actual access will render a showing of similarities entirely unnecessary. Plaintiff naturally does not go so far; but in an endeavor to supply some limitation, it comes up with a requested charge conflicting and confusing on its face. This is its request:

> "In this regard, the degree of similarity which you must find to support a finding of copying is related to the strength of your inference of access. In other words, if access is directly proven to have existed and the inference of such access is strong, the degree of similarity between the compositions in order for you to find copying need not be as great in the event that the access is only indirect and inferential. On the other hand, the greater the similarity which you find to exist between the compositions, the less direct must the proof of access be. However, to find for the plaintiff you must find that by a fair preponderance of the evidence that the similarities between the compositions and the access inferred are sufficient to reasonably base a finding of copying."

The court charged only the last sentence, refusing the remainder. It should be said that the ambiguity lurking in such unoriented concepts as the "degree of similarity" became even more emphasized as counsel attempted in colloquy with the court to explain their theory of percentages. The court wisely rejected all this, and while accepting plaintiff's claim that it had "proved access by direct testimony," did point out the need of finding similarity or copying. Lacking any such showing here, the plaintiff cannot succeed.

Of course access shown either directly or indirectly is an element of plaintiff's case. And it is not an unnatural step in inference of fact for ease of access to

suggest a deduction of copying when similarity is found. But access will not supply its lack, and an undue stress upon that one feature can only confuse and even conceal this basic requirement. See Continental Cas. Co. v. Beardsley, 2 Cir., 253 F.2d 702, 705, certiorari denied 358 U.S. 816, 79 S.Ct. 25, 3 L.Ed.2d 58; Arnstein v. Edward B. Marks Music Corp., 2 Cir., 82 F.2d 275, 277; Arnstein v. Broadcast Music, 2 Cir., 137 F.2d 410, 412.

Affirmed.