**CONCORD FABRICS, INC., Plaintiff-Appellant,**

v.

**MARCUS BROTHERS TEXTILE CORP.,
Defendant-Appellee.**

No. 494, Docket 33341.

United States Court of Appeals
Second Circuit.

Argued March 5, 1969.

Decided March 12, 1969.

Arthur S. Olick, New York City (Otterbourg, Steindler, Houston & Rosen, New York City, on the brief), for appellant.

Jesse Rothstein, New York City (Amster & Rothstein, Horvath & Young, and Harold Young, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and McLEAN, District Judge.*

PER CURIAM:

This appeal raises the narrow question of whether the district court properly refused to issue a preliminary injunction in this copyright infringement case.

Plaintiff-appellant, Concord Fabrics, Inc., brought this action seeking to enjoin Marcus Brothers Textile Corp. from manufacturing, converting, selling and distributing textile material allegedly copying Concord's design pattern No. 7073, which Concord has copyrighted. The district court originally issued a temporary restraining order, but later denied Concord's motion for a preliminary injunction and vacated the restraining order, finding that the allegedly infringing pattern was not so similar to the copyrighted pattern as to merit an injunction pending completion of the trial. 296 F.Supp. 736. We disagree.

The design on both plaintiff's and defendant's fabric consists of a circle within a square within a square, with the dimensions of the circles and squares being identical. The colors are essentially the same, although the defendant's are somewhat brighter and more garish. The designs within the circles, between the squares, and around the outer square, while having some differences, give the same general impression on both samples. While the trial court placed great emphasis on the minor differences between the two patterns, we feel that the very nature of these differences only tends to emphasize the extent to which the defendant has deliberately copied from the plaintiff. For example, the frames around the border on the defendant's sample are similar but run in opposite directions from the plaintiff's figures. The same is true of the figures around the outer part of the circle. In sum, a comparison of the samples strongly suggests that defendant copied plaintiff's basic design, making only minor changes in an effort to avoid the appearance of infringement.

██ ██ The ultimate test in a copyright infringement case of this sort is whether an average lay observer would find a substantial similarity in the designs, recognizing the copy as an appropriation of the copyrighted work. Ideal Toy Corp. v. Fab-Lu Limited, 360

* Sitting by designation.

F.2d 1021 (2d Cir. 1966). An injunction pending the outcome of trial in such a case should issue if plaintiff can show a reasonable probability of prevailing on the merits. American Visuals Corp. v. Holland, 261 F.2d 652, 654 (2d Cir. 1958).

■ While there are some differences in both the color and design of the two patterns, we think that the average observer would probably find them substantially similar. In our view the plaintiff is likely to succeed after trial. It seems clear to us that in its discretion, the district court should have granted a preliminary injunction. As we have before us the same record, and as no part of the decision below turned on credibility, we are in as good a position to determine the question as is the district court.

The order of the district court is reversed and the case remanded, with directions that an injunction issue pending the outcome of a trial on the merits. Plaintiff should be required to post bond of $25,000 and the trial should be expedited.