**ARROW NOVELTY COMPANY, INC., Plaintiff,**

v.

**ENCO NATIONAL CORPORATION, Defendant.**

**No. 74 Civ. 1119.**

United States District Court, S. D. New York.

Oct. 30, 1974.

**158**

Williams, Connolly & Califano, Washington, D. C., for plaintiff; Thomas E. Patton and Samuel H. Seymour, Washington, D. C., of counsel.

Kirschstein, Kirschstein, Ottinger & Frank, P. C., New York City, for defendant; Peter T. Cobrin and David B. Kirschstein, New York City, of counsel.

## OPINION

GAGLIARDI, District Judge.

This is a copyright infringement action. The copyrighted item which is the subject matter of the action is described in the complaint as "a decorative tray and/or wall hanging, made of pressed wood, depicting on its surface in raised sculptured form various scenes of the City of New York in a collage setting." It is alleged that defendant has been infringing plaintiff's copyright since at least March 1974 by producing and marketing an identical or substantially similar decorative tray. Defendant contends that its tray was independently created and not copied from plaintiff's tray. A trial to determine the question of liability was had before this court on September 10 and 11, 1974.

Plaintiff and defendant are both New York corporations engaged in the manufacture and marketing of decorative and souvenir items. Both companies sell their products to retail stores in various locations throughout the United States. The parties are direct competitors in the wholesale marketing of souvenir items in New York City, and certain products of both plaintiff and defendant are carried and sold in several of the same retail outlets. The products are sold to New York City retailers through company salesmen who personally visit these customers from time to time.

Plaintiff has continuously marketed its New York City souvenir tray through sales to retail outlets in New York City since about 1959. On February 29, 1960, plaintiff filed an application for copyright registration of its tray with the United States Copyright Office and later received copyright certificate No. Gp23714 to cover the tray. Defendant

began marketing its tray in New York City sometime in March 1974.

The court has carefully examined both trays and concludes that there is a remarkable similarity between the two. Each tray depicts scenes of New York City in raised sculptured form. The trays are identical in color nearly identical in size, and similar in shape. Three principal prominent landmarks—Statue of Liberty, Empire State Building, Rockefeller Center—are the same. The Statue of Liberty is in the center of both, while the positions of the other two landmarks are reversed. The lettered caption, "New York City", is positioned in the top center of both trays and the letters are approximately the same size on both. The lettered words for the three prominent landmarks appear in the same place below each figure on a raised banner and the letters are approximately the same size on both trays. There is a harbor line running horizontally across the middle of both trays and there are boats in the harbor. The United Nations Building is positioned in the same place on both trays and the smaller less significant buildings on the left and right sides of each are similar. Both trays have slightly raised background clouds of very similar appearance, and both have a rose on the upper right side. There are on both trays grooved background lines projecting outward from the center with interspersed heavier accent lines. On the back of each tray is a hanging device and four small legs.

The trays are not identical as, of course, there are minor differences between the two. For example, in the place of the Chrysler Building, which appears on the plaintiff's tray, defendant's tray depicts the World Trade Center, which was not in existence at the time plaintiff's tray was designed. While a verbal description of the trays may perhaps be of some use, the overall striking similarity between the two is plainly evident and can best be conveyed by a visual inspection.

Defendant contends that its tray was independently created and that its officers neither saw nor knew of plaintiff's tray prior to this lawsuit. Daniel Steinberg, a vice-president of defendant, and Herbert Bendell, a buyer for defendant, testified at trial regarding the derivation of defendant's product. The following is a summary of the testimony of Mr. Steinberg and Mr. Bendell. While in Las Vegas in January 1973, Mr. Steinberg purchased at the Circus Circus Hotel a plastic three-dimensional tray which depicted certain Las Vegas landmarks. The Las Vegas tray contained no copyright notices, trademarks or tradenames, and Mr. Steinberg purchased the tray with the thought that defendant might market similar trays for other geographic locales. After discussions with Mr. Bendell, whose responsibilities include arranging for the design and manufacture of certain of defendant's products, it was decided that a tray depicting New York City and its landmarks would be manufactured in the Orient for defendant. It was agreed that the New York City tray should be substantially identical to the Las Vegas tray in size, shape and color.

While in Japan in the spring of 1973, Mr. Bendell made arrangements for the manufacture of a New York City tray by a Japanese company called Matsudo. The Las Vegas tray was given to Matsudo by Mr. Bendell, who told them that he wanted a New York City tray which was to be the same in shape, color and configuration. Mr. Bendell further instructed Matsudo in detail as to the exact design and layout of the New York City tray. To assist Matsudo in designing the shapes of the landmarks and waterfront, Mr. Bendell provided Matsudo with various art work, a picture and certain three-dimensional objects which had all been independently created for past projects by defendant's art department. Matsudo prepared a proposed layout for defendant's tray with the aid of these materials pursuant to Mr. Bendell's instructions. After certain changes were made pursuant to further instructions from Mr. Bendell, a final layout was approved.

■ Plaintiff's ownership of the copyright is undisputed here, and resolution of the question of alleged copying by the defendant will thus be dispositive on the issue of liability. *See* 2 M. Nimmer, Copyright § 141 (1974). Copying need not be proved directly and may be inferred by proof that the defendant had access to the plaintiff's copyrighted work and that the two items are substantially similar. Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946). If the plaintiff meets its burden of establishing access and similarity, the defendant must then come forward with credible evidence of independent creation to negative the inference of copying. *See* Charter Fabrics v. Hale Fabrics Corp., 171 U.S.P.Q. 190 (S.D.N.Y.1971); 2 M. Nimmer, Copyright § 139.4 (1974).

■ Access is defined as or may be inferred from a reasonable opportunity to view or copy. Blazon, Inc. v. Deluxe Game Corp., 268 F.Supp. 416, 422 (S.D. N.Y.1965); 2 M. Nimmer, Copyright § 142.1 (1974). As so defined, plaintiff has sufficiently established access in this case. The parties are direct competitors in the New York wholesale souvenir market and sell their products to several of the same retail stores in Manhattan. Salesmen of both companies visit these retail outlets and have thus had a reasonable opportunity to view each other's products. Moreover, Daniel Steinberg, defendant's vice president of sales, testified about his purchase of a souvenir tray while in Las Vegas with the thought that defendant might sell a similar item in other locales. Mr. Steinberg further testified on cross-examination that he had visited retail souvenir outlets in New York City and viewed competitors' products from time to time over the past twelve years. In view of this testimony, the court concludes that not only was there a reasonable opportunity to view but it is indeed inconceivable that Mr. Steinberg never saw the tray which was successfully marketed by the plaintiff, a direct competitor, in New York City for over a decade.

■■ Although evidence of striking similarity may alone give rise to an inference of copying (Arnstein v. Porter, *supra*), proof of access without substantial similarity cannot create such an inference. Arc Music Corp. v. Lee, 296 F.2d 186 (2d Cir. 1961). The test for substantial similarity is a necessarily vague one, that is, whether an ordinary lay observer would overlook the dissimilarities and regard the two works as essentially the same. Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021 (2d Cir. 1962); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960). Measured by this standard, the two works in the instant case are clearly substantially similar.

In view of this substantial similarity, the court finds defendant's contention of independent creation not credible. Mr. Bendell has testified that he instructed the Japanese manufacturer as to the precise design and layout of defendant's New York City tray. While the idea of such a tray could have been derived from the Las Vegas tray, the specific and tangible expression of that idea, embodied in defendant's tray, could not have. *See* Uneeda Doll Co., Inc. v. P. & M. Doll Co., Inc., 353 F.2d 788 (2d Cir. 1965). The defendant's expression of the idea, *i. e.*, the specific layout and design of the tray, bears such a remarkable resemblance to plaintiff's expression of the idea as to render the inference of copying inescapable and the contention of independent creation unbelievable.

The foregoing constitutes the findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.

For the reasons stated, the court concludes that defendant has infringed upon plaintiff's copyright and directs that judgment be entered in favor of plaintiff on the question of defendant's liability for infringement. Judgment shall also be entered enjoining defendant from further infringing upon plaintiff's copyright.

So ordered.