**NOVELTY TEXTILE MILLS, INC.,**
**Plaintiff-Appellant,**

v.

**JOAN FABRICS CORPORATION,**
**Defendant-Appellee.**

**No. 998, Docket 77–7067.**

United States Court of Appeals,
Second Circuit.

Argued March 29, 1977.

Decided July 12, 1977.

James K. Silberman, New York City (Blum, Moscovitz, Friedman & Kaplan, New York City, of counsel), for plaintiff-appellant.

Floyd A. Gibson, Charlotte, N. C. (Joell T. Turner and Bell, Seltzer, Park & Gibson, Charlotte, N. C., and Michael Malina, Ettie Ward and Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel), for defendant-appellee.

Before MANSFIELD and GURFEIN, Circuit Judges, and NEWMAN, District Judge.*

GURFEIN, Circuit Judge:

This is an appeal from an order of the District Court for the Southern District of New York (Werker, D. J.) denying plaintiff's motion for a preliminary injunction

* Honorable Jon O. Newman, U.S. District Judge, District of Connecticut, sitting by designation.

against the continued use by defendant of a fabric design which it allegedly copied from plaintiff's fabric design. The complaint charges copyright infringement under 17 U.S.C. §§ 101, 112 and 116 and seeks a permanent injunction, impoundment and destruction of the allegedly infringing copies, and damages. Jurisdiction is based on 28 U.S.C. § 1338(a).

## I

The basic facts as found by the court below are not in dispute. Plaintiff Novelty Textile Mills, Inc. ("Novelty") and defendant Joan Fabrics Corporation ("Joan") both manufacture upholstery fabrics which they sell in competition with each other to furniture manufacturers. Novelty created Style 253 during the latter part of 1975 and copyrighted it. It was first displayed to the trade in January, 1976. The fabric sold well and was delivered to furniture manufacturers in commercial quantities beginning in March, 1976. Several manufacturers exhibited display models of their furniture, upholstered with Style 253 fabric, at a regional furniture trade market held in April, 1976 at High Point, North Carolina. At that time both the sales and design personnel of defendant Joan viewed plaintiff's Style 253 and learned that there was a substantial demand for this type of design, known as "bias" or "argyle" plaid, among its customers.

Joan's management thereafter determined that it too should offer a collection of bias plaid upholstery fabrics. Its designers were instructed to make such a collection and were told "to avoid any infringement of fabrics manufactured by others." Subsequently five bias plaid designs were made by its designers and used in the manufacture of Joan's fabrics.

After the introduction of these Joan fabric designs, the sales of Novelty's Style 253 declined precipitously. The president of Novelty testified that its continuing loss in sales amounted to approximately $11,000 per week. He attributed this loss to the introduction of the Joan designs.

Within two months Novelty instituted this lawsuit and moved for a preliminary injunction. The District Court after an evidentiary hearing, as noted, denied the motion. This appeal followed.

## II

In order to prove infringement a plaintiff must show ownership of a valid copyright and copying by the defendant. *See 2 M. Nimmer, Nimmer on Copyright* § 141 at 611 (1976) ("*Nimmer*"). Novelty's ownership and the validity of its copyright are not disputed for the purpose of this motion.[1] This leaves the issue of whether Joan copied Novelty's design. Since direct evidence of copying is rarely, if ever, available, a plaintiff may prove copying by showing access and "substantial similarity" of the two works. *See, e. g., Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946); *Whitney v. Ross Jungnickel, Inc.*, 179 F.Supp. 751, 753 (S.D.N.Y.1960), *2 Nimmer, supra*, § 141.2 at 613. Here Joan not only admits access, but also the actual viewing by its designers of Novelty's Style 253 before its own designs were produced.[2]

---

1. The Copyright Office certificate of registration is prima facie evidence of the facts stated therein. 17 U.S.C. § 209. This has generally been held to mean prima facie proof of ownership and validity. *See 2 Nimmer on Copyright* § 141.1 at 611 (1976). In the absence of evidence to the contrary, therefore, the District Court was correct in its conclusion that such ownership and validity here must be presumed.

2. We note that while access and substantial similarity are *sine qua non* to a finding of copying, such evidence does not *require* the trier of fact to find copying. The defendant may introduce evidence of independent creation which would rebut the plaintiff's prima

facie case. However, "the absence of any countervailing evidence of creation independent of the copyrighted source may well render clearly erroneous a finding that there was not copying." *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970). And even with such evidence from the defendant, there may be such substantial similarity that "no explanation other than copying is reasonably possible." *2 Nimmer, supra* § 141.2 at 613–14. *See Arrow Novelty Co. v. Enco National Corp.*, 393 F.Supp. 157, 160 (S.D.N.Y. 1974).

The District Court found, however, that there was no substantial similarity because certain differences in the works "would be apparent to a furniture manufacturer, or for that matter to a consumer seriously contemplating purchase of a couch covered with one or another of the fabrics."

██ "Substantial similarity" is to be determined by the "ordinary observer" test.[3] Judge Learned Hand in defining this test stated there is substantial similarity where "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). More recently this court formulated the test as "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab-Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir. 1966). And, of course, by definition

"[t]he copying need not be of every detail so long as the copy is substantially similar to the copyrighted work." *Comptone Co. v. Rayex Corp.*, 251 F.2d 487, 488 (2d Cir. 1958); *United Merchants & Manufacturers, Inc. v. K. Gimbel Accessories, Inc.*, 294 F.Supp. 151, 154 (S.D.N.Y.1968).[4]

██ We have viewed the fabrics presented in the District Court. While it is true that "[t]he test for infringement of a copyright is of necessity vague", *Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra*, 274 F.2d at 489, it is clear to us that Joan's Fleetwood Spice is "substantially similar" to Novelty's Cane 253 and, in fact, to our "lay" eyes, is almost identical.[5] And "[a]s we have before us the same record, and as no part of the decision below turned on credibility, we are in as good a position to determine the question as is the district court." *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1317 (2d

---

**3.** Appellee Joan argues that besides the "ordinary observer" test there is another test for infringement in fabric design situations such as this one. This test requires a "comparison between the particular 'expression' of the accused work and the particular 'expression' of the copyrighted design." And "the extent to which an 'expression' is protected by copyrights depends upon the range of previous expressions of the same idea or theme which may be found in the public domain, and thus, are free for all to use." Appellee's Brief at 6–7. Joan is mistaken.

The existence of a prior work (whether in the public domain or not) is significant only if (1) the plaintiff copied from that work; or (2) the defendant copied from that work. Neither is claimed here by Joan.

As to the plaintiff's design it is clear that "a work is original and may command copyright protection even if it is completely identical with a prior work provided it was not copied from such prior work but is rather a product of the independent efforts of its author." *1 Nimmer, supra*, § 10.1 at 34. *See Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 54 (2d Cir. 1936), *aff'd*, 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed. 825 (1940). Here there is no claim that Novelty's design was not created independently, and, as we noted, there is a presumption of validity, *see* note 1, *supra*, and therefore "originality".

As to the defendant's work, "the common practice of defendants at trial in pointing out a similar work created in antiquity, or at least prior to the defendant's creation is of no assistance unless the trier of fact believes that the

defendant copied from such works." *1 Nimmer, supra*, § 101.6 at 381–82. Here Joan claims that its own designers independently created the designs, not that they were copied from a public domain work.

In short, prior works in the public domain do not require a different test here for "substantial similarity", nor do they reduce the protection from copying afforded Novelty's design by its copyright.

**4.** The key to the "ordinary observer" test is therefore the similarities rather than the differences. Only a slavish copy would have no differences and "[n]o one disputes that the copyright extends beyond a photographic reproduction of the design." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp., supra*, 274 F.2d at 489. *Cf. Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969) ("nature of [the] differences only tends to emphasize the extent to which the defendant has deliberately copied from the plaintiff").

**5.** As the District Court found, both fabrics use brown and camel or beige on a light-colored background to form a plaid design consisting of intersecting diamonds with an interior dimension of approximately four inches. And in each fabric, one series of diamonds is formed by a stripe which is somewhat broader than the other. When the Joan Fleetwood Spice fabric is placed over a portion of the Novelty fabric, the design, dimensions and colors match-up and the appearance is of one fabric.

Cir. 1969). We conclude that plaintiff has established a prima facie case of infringement as to Fleetwood Spice.

■ Plaintiff has also alleged that other Joan Fabrics infringe Style 253. The District Court, after determining that the two above fabrics (which were thought to present plaintiff's best case) were not substantially similar, did not make individual findings with regard to these other fabrics. In light of our determination, we remand for consideration of whether these other fabrics are also substantially similar to Style 253.[6]

The question remains whether Novelty is entitled to a preliminary injunction with respect to Fleetwood Spice or other Joan fabrics which the District Court on remand may find to be substantially similar to Style 253. In *Houghton Mifflin Co. v. Stackpole Sons, Inc.*, 104 F.2d 306, 307 (2d Cir.), *cert. denied*, 308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. 499 (1939), this court stated that "it is settled in copyright cases that, if the plaintiff makes a prima facie showing of his right, a preliminary injunction should issue." *See also Rushton v. Vitale*, 218 F.2d 434, 436 (2d Cir. 1955). Much later in another fabric design case we stated that "[a]n injunction pending the outcome of trial . . . should issue if plaintiff can show a reasonable probability of prevailing on the merits." *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., supra*, 409 F.2d at 1317. And recently Chief Judge (then Judge) Kaufman in *Robert Stigwood Group Ltd. v. Sperber*, 457 F.2d 50, 55 (2d Cir. 1972), reaffirmed the statement made in *American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc.*, 389 F.2d 903, 905 (2d Cir. 1968), that:

"[a] copyright holder in the ordinary case may be presumed to suffer irreparable harm when his right to the exclusive use of the copyrighted material is invaded."

■ Here there is not even a need for a presumption of harm because the undisputed evidence shows that after the introduction of Joan's fabrics into the market, Novelty's sales declined by $11,000 a week. Consequently, we think that more than a sufficient showing has been made to require the issuance of a preliminary injunction.

For the foregoing reasons, we reverse the order of the District Court and remand for the issuance of an injunction with respect to Fleetwood Spice and a determination of whether the other Joan fabrics alleged to infringe Style 253 are "substantially similar," and therefore, on the facts of this case, should also be preliminarily enjoined.

Reversed and remanded with instructions.

MANSFIELD, Circuit Judge (concurring and dissenting):

I concur in Judge Gurfein's carefully reasoned opinion, except for its remand of a

---

**6.** Appellant has alleged that if Fleetwood Spice infringes Style 253, then at least some of Joan's other fabrics also infringe because they are simply expressions of the Fleetwood design in different colors. Indeed, testimony offered by Joan appears to concede that differences in the appearance of some of the Joan fabrics result essentially from variations in color and texture of yarn, rather than differences in a black and white rendering of the design. However, some of the color variations create such different effects that the ordinary observer might not consider them similar.

There thus arises the issue of whether a fabric infringes a copyrighted design when it employs the black and white outline of a design that is copied from a copyrighted design but expresses that outline in colors so different from those used in the fabric of the copyrighted design that no substantial similarity results. While recognizing that there may be color combinations, beyond the simple use of primary or calico colors, which may themselves be the subject of copyright as a work of art, it is the writer's view that, once a copyrighted design is found to have been copied, mere changes in the color scheme on the copied design would ordinarily not protect the defendant from a claim of infringement. Indeed, no such claim has been made on this appeal, nor has the question been briefed. Moreover, we have found no precedent or commentary on the question.

However, since we are not unanimous on this point nor on the appropriateness of deciding it on this record, we suggest that the District Court take proof of precisely what was granted registration as a work of art to determine whether color was an ingredient of the copyright granted. The District Court will, in the first instance, have to determine the legal implications that flow from the facts found with respect to the fabrics subject to the remand.

portion of the case to the district court to determine whether color is an ingredient of the copyright and to dispose of the balance of the infringement claims. In my view the color scheme should be treated as one of the elements of the copyrighted design and, since we are in as good a position as the district court to resolve the infringement issue, we should hold that Novelty's Style 253 is not infringed by any of the alleged infringing fabrics produced by Joan other than its "Fleetwood Spice" and "Sand."

The subject of Novelty's Certificate of Copyright is a textile design consisting of an upholstery fabric woven in a common Argyle or bias plaid, using a combination of brown and camel or beige colors on a light background. When the alleged infringing Joan fabrics were laid alongside Novelty's copyrighted design No. 253, "Cane," at a distance of approximately 20 feet in the court, it was readily apparent to ordinary lay observers, i. e., the members of this panel, that Joan's "Fleetwood Spice" and CK–0028 (entitled "Sand"), which were produced after it had access to Novelty's 253, were substantially similar to 253.

Of course all Argyle or bias plaids are somewhat similar, consisting of diamonds in stripes, which may vary in width, shading, spacing, mesh composition, and color. At a distance of 15 feet or more the similarity between Novelty's 253, on the one hand, and the two infringing Joan plaids, on the other, was substantial, not solely because of the shading, spacing, composition, and juxtaposition of the diamonds and stripes, but principally because of the identical color scheme which lent the same overall effect to the designs. The general impression from a distance is described by Judge Gurfein:

> "When the Joan fabric is placed over a portion of the Novelty fabric, the design, dimensions and *colors* match up and the appearance is of one fabric." (Emphasis supplied).

However, a closer comparison of the fabrics (at a distance of two to five feet) reveals several marked differences, which were noted by Judge Werker. The stripes are of differing widths, compositions and dimensions, which are clearly discernible. One main cross-bar, for instance, consists of strands solidly woven together on Novelty's "Cane" to form a bar ⅞″ wide, whereas the bars (or multiple bars) similarly situated on Joan's "Fleetwood Spice" consists of a series of separate strands, each of which except the middle two are totally separated from one another, measuring 1¼″ in width. Moreover, when one turns to the other allegedly infringing Joan fabrics, samples of which have been furnished to us by the parties, it will be noted that, quite aside from the differences observed by Judge Werker, the fabrics produced by Joan in other color combinations and with different shading and accent to the lines, mesh and stripes, are not substantially similar to Novelty's 253, even at a distance of 15 feet or more.

The majority express doubt as to whether color or color schemes should constitute part of a copyrighted design and remand the case to the district court for further consideration of that issue after briefing by the parties. I believe this is unnecessary. If color did not constitute an integral element of copyrighted design, we have already gotten off on the wrong foot. As already noted, the similarity of colors between the copyrighted Novelty design and the two Joan designs found to infringe was an influential factor. If the copyright extended only to the 253 design in black and white, we should have limited ourselves to a comparison of the alleged infringing designs with Novelty's 253 in black and white, which in my view would lead us, upon duplicating in black and white the courtroom comparison made by us, to hold that the designs were not substantially similar.

Our courtroom comparison, therefore, implicitly recognizes that where (as here) a design is registered in a particular colorway rather than in black and white, that colorway is part of the copyrighted design. We have previously sanctioned consideration of color as a factor in determining whether there has been infringement of a copyrighted design. See *Soptra Fabrics Corp. v.*

*Stafford Knitting Mills,* 490 F.2d 1092, 1094 (2d Cir. 1974), and decisions cited therein, including *Scarves by Vera v. United Merchants and Manufacturers,* 173 F.Supp. 625, 627 (S.D.N.Y.1959). Although we have never ruled as a matter of law on the issue, it seems to me that if color is to be taken into consideration for infringement purposes, it must inevitably be considered as an element of the copyrighted subject matter.

In short, what Novelty copyrighted was its plaid design in a brown, beige and white color combination. In this well-plowed field of Argyle and bias plaids, it obviously did not gain protection against the manufacture of all similar textile plaids, even though some might be produced by persons who had access to its copyrighted design. In my view it gained copyright protection for the overall effect or impression created by the particular combination of lines, space, juxtaposition, shading *and color scheme.* Whether another manufacturer could avoid infringement by changing the color scheme would depend in a particular case on how important the color scheme was in the overall effect or impression of the design. Obviously if the design consisted merely of a simple red square or circle with dots, a change by the copier from red to green would be of great importance. On the other hand, if the design were an intricate or unusual one, as the court noted in *Soptra,* a mere change in color would be insufficient to avoid infringement.

Since I believe the applicable principles are clear and that nothing would be gained by further prolongation of this case, I would rule now that, except for the "Fleetwood Spice" and "Sand" designs, there was no infringement of Novelty's 253 and to that extent affirm the decision of the district court.