KNICKERBOCKER TOY CO., INC., Plaintiff,

v.

BUDDY L CORPORATION, Defendant.

No. 81 Civ. 2310.

United States District Court, S. D. New York.

June 16, 1982.

Stoll & Stoll, New York City, for plaintiff; Samuel J. Stoll, New York City, of counsel.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for defendant; Marvin N. Gordon, New York City, of counsel.

OPINION AND ORDER

OWEN, District Judge.

Plaintiff moves for summary judgment or in the alternative for a preliminary injunction restraining defendant from infringing plaintiff's copyrighted blister card. Defendant cross-moves for summary judgment. For the reasons set forth below, the motions are denied.

Both plaintiff, Knickerbocker Toy, Co., Inc., and defendant, Buddy L Corp., market children's toy "wrist racers". A wrist racer is an assemblage of a toy racing car, a launching ramp, and a molded plastic shell covering both the car and the ramp; all parts are mounted on a plastic watch band. When operated properly, the toy racing car will run from its perch on a child's forearm, down the launch ramp, and across any smooth surface. Apparently a healthy market has developed for these toys.

Plaintiff has brought this copyright infringement action in order to preserve what plaintiff views as part of its proprietary interest in its wrist racer. Plaintiff does not allege that defendant has infringed its copyright in its wrist racer assemblage itself; plaintiff admits that that interest is not protected by copyright. Rather plaintiff alleges that defendant has infringed the copyright on its marketing package.

Plaintiff's marketing package or "blister card" has the following design. On the front of a six by eight inch cardboard sheet, plaintiff has mounted the assemblage. Emblazoned above the assemblage is the product name—WRIST RACERS—and to the left of the racer are two pictures demonstrating the wrist racer in action. The back of plaintiff's blister card is pictured below.

Copyright © 1979 KNICKERBOCKER Toy Co
Conforms to safety requirements of PS 72-76

KNICKERBOCKER Toy Co. Middlesex, New Jersey 08846
Made in Taiwan

The Buddy L blister card is a six by nine inch cardboard sheet. The wrist racer assemblage is mounted on the front left hand side. Where the Knickerbocker watch band is furled beneath its racing car, the Buddy L band is stretched flat. Buddy L also places its product name—WIND'N WATCH SPEEDSTER—on the front of its blister card and illustrates its package with a picture of a child using the toy.

On the back of the blister card, Buddy L has placed this drawing.

4710 G

DURABLE PLASTIC

# wind 'n watch™
# speedster

**BUDDY L** ®

**①** WIND UP MOTOR

TURN KNOB TO WIND UP CAR MOTOR

**②** PULL OUT LAUNCH RAMP

**③** PUSH BUTTON TO LAUNCH CAR • WATCH IT GO

U S A  BUDDY L CORPORATION, CLIFTON, NEW JERSEY 07012  MADE TO BUDDY L SPECIFICATIONS IN HONG KONG   CANADA: GRAND TOYS LTD., MONTREAL H1G3J6

With the assistance of counsel and after careful examination, I note that there are many congruences between the two blister cards. On the basis of these congruences, plaintiff has asked for a finding that Buddy L has infringed its copyright. Plaintiff argues that it is the owner of a valid copyright, that it has demonstrated that defend-

ant had access to its product package, and that defendant's blister card is substantially similar to its own.

"In order to prove infringement, a plaintiff must show ownership of a valid copyright and copying by the defendant." *Novelty Textile Mills v. Joan Fabrics,* 558 F.2d 1090, 1092 (2d Cir. 1977); *see* 3 Nimmer, *Nimmer on Copyright,* § 13.01 (1981). Direct proof of copying, however, is difficult to assemble. Therefore, "a plaintiff may prove copying by showing access and 'substantial similarity' of the two works." *Novelty Textile Mills,* 558 F.2d at 1092.

In order to determine whether there is substantial similarity, the court must determine "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab-Lu Ltd.,* 360 F.2d 1021, 1022 (2d Cir. 1966). Upon careful consideration of the similarities between the two blister cards, I must conclude that there is substantial similarity between the two packages. Defendant's three drawings closely track plaintiff's first, second, and fourth drawings. For example, defendant appears to have made the same error as plaintiff in its illustration of the size of a child's wrist relative to the placement of the assemblage upon it. Therefore, if plaintiff were able to prove that defendant had access to its blister card, it would meet its burden of proving infringement. *See, e.g., Whitney v. Ross Jungnickel, Inc.,* 179 F.Supp. 751 (S.D.N.Y.1960) *cited with approval, Novelty Textile Mills, supra.* Plaintiff has adduced facts from which on a trial record I might infer access. However, at this juncture on plaintiff's motion for summary judgment, questions of fact remain open. I therefore deny plaintiff's motion for summary judgment.

Plaintiff, alternatively, seeks a preliminary injunction to restrain defendant from infringing its copyright. Rule 65(a), Fed.R.Civ.P. "Preliminary injunctive relief ... calls for a showing of "(a) irreparable

harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking the preliminary relief." *Jack Kahn Music v. Baldwin Piano & Organ,* 604 F.2d 755, 758 (2d Cir. 1979) (citations omitted). At this stage, plaintiff has failed to make the requisite showing of irreparable harm.* Therefore, I deny its request for preliminary injunctive relief.

I also deny defendant's cross motion for summary judgment. The same "access" issue that prevents my granting of plaintiff's motion forecloses my granting of defendant's motion.

Given the foregoing, plaintiff's motion for summary judgment, plaintiff's motion for a preliminary injunction, and defendant's motion for summary judgment are denied.

So ordered.

---

* Whether plaintiff on a trial will have a similar problem with respect to damages remains to be seen.