

## VI.

Stiefel, Gross, Kurland & Pavane, P.C., New York City by Lawrence G. Kurland, for plaintiff.

Wofsey, Certilman, Haft, Lebow & Balin, New York City by Barry I. Fredericks, for defendants.

**Harvey EDWARDS, Plaintiff,**

v.

**Frederic Gale RUFFNER, III, and Avanti Press, Defendants.**

**No. 85 Civ. 3870 (SWK).**

United States District Court, S.D. New York.

Dec. 10, 1985.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff in the above-captioned matter has moved for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a).[1] For the reasons which follow, this motion is DENIED.

Plaintiff is an artist and a photographer. The source of the instant dispute is one of plaintiff's photographs in particular. Plaintiff has photographed a ballet dancer

---

**1.** Plaintiff initially moved for a temporary restraining order as well. The Court denied this application.

in the "fifth position." The photograph is entitled "Leg Warmers." Plaintiff's photograph depicts a ballet dancer, from slightly above the knee-caps to the feet, in the fifth position. The dancer is wearing torn "leg-warmers", socks or stockings, and ballet shoes. Plaintiff's photograph was created on March 1, 1979 and plaintiff obtained a copyright registration for it on January 21, 1981.

Plaintiff's photograph has been reproduced in many forms, including a very successful and widely sold art gallery poster, also entitled "Leg Warmers". At the time plaintiff commenced this lawsuit, he was negotiating for his photograph to be used on a greeting card.

Plaintiff alleges that the defendants have used a photograph on their greeting card entitled "Toe Shoes", which violates his copyrighted work "Leg Warmers." The alleged infringing photograph was taken by Elyse Lewin. Ms. Lewin's photograph also portrays a ballet dancer in the "fifth position." This photograph depicts a ballet dancer from about midway between the ankles and the knee-caps to the feet. The dancer in Lewin's photograph is wearing leg-warmers which are not torn, and are completely different in appearance and color from those in plaintiff's photograph. Lewin's photograph depicts a dancer wearing socks or stockings and ballet shoes, and these, too, are in stark contrast to the stockings and shoes in plaintiff's photograph. Moreover, while both dancers are in the "fifth position", the photographs are noticeably distinguishable in their portrayals of this classic pose, in the angle from which they were taken, and in their overall portrayal, effect and presentation. In short, the Court finds that there is no likelihood of confusion between these two photos.

In addition to the obvious differences between the two photographs, Ms. Lewin declared that she had created the alleged infringing photograph on November 13, 1981. *See* Declaration of Elyse Lewin, dated May 29, 1985, ¶ 6. Moreover, Ms. Lewin declared that when she took her photograph she had never heard of plaintiff and had never seen his "famous" "Leg Warmers" photograph or poster. *Id.*, at ¶ 7. This evidence is not contradicted by any credible evidence.[2]

## DISCUSSION

The Second Circuit has recently summarized the standard for obtaining a preliminary injunction as follows:

A party seeking a preliminary injunction in this circuit must establish both possible irreparable injury and either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 74 (2d Cir.1985) (citations omitted).

Plaintiff has failed to meet any prong of this standard. The alleged infringing photograph bears no resemblance to plaintiff's photograph, and any similarity which exists is due solely to features common to ballet dancers in the fifth position. *See Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 499 (2d Cir.1982).

Plaintiff has failed to show either a likelihood of success on the merits or a sufficiently serious question going to the merits of his claim for copyright infringement.[3] To establish copyright infringement, plaintiff "must show ownership of a valid copyright and copying by the defendant." *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir.1977), *quoted in, Eden Toys, Inc. v. Marshall*

---

**2.** The parties have submitted legal memoranda, supporting affidavits and numerous exhibits. The parties agreed that the Court should resolve the preliminary injunction motion based on these submissions, and further agreed that an evidentiary hearing was not required.

**3.** Plaintiff also alleges a claim for trademark infringement. He has failed to make the requisite showing on this claim as well.

*Field & Co.*, 675 F.2d 498, 499 (2d Cir. 1982).

In the instant case, plaintiff has failed to produce any direct evidence of copying. Moreover, plaintiff has failed to show copying by circumstantial evidence. Plaintiff failed to adduce any evidence "that the defendant [or Ms. Lewin] had access to the copyrighted work and that the two works are substantially similar." *Eden Toys, Inc.*, 675 F.2d at 500 (citation omitted). Accordingly, plaintiff has failed to make the requisite showing of likelihood of success on the merits or the existence of a sufficiently serious question going to the merits.

Indeed, the instant case is virtually identical to the situation presented in *Eden Toys, Inc., supra.* There, the Second Circuit observed, "The protection afforded a copyrighted work covers only the work's particular expression of an idea, not the idea itself." *Id.* (citation omitted). In *Eden Toys*, the competing products were toy snowmen. The Second Circuit noted that any similarity between the two products "would appear to the ordinary observer to result solely from the fact that both are snowmen." *Id.* (citations and footnote omitted). This applies with equal vigor to the instant case.

In view of the foregoing, plaintiff has failed to show either a likelihood of success on the merits or a sufficiently serious question going to the merits of his copyright infringement claim.[4] Plaintiff cannot preclude others from depicting a ballet dancer in the classic "fifth position". "Although the process of separating the unprotected idea from the protected expression can sometimes be arduous, the instant case does not present any difficulties in this regard." *Eden Toys, Inc.*, 675 F.2d at 500 (citation omitted). Accordingly, plaintiff's motion for a preliminary injunction is *denied.*

SO ORDERED.

4. Plaintiff has also failed to show irreparable injury on either his copyright infringement or his trademark infringement claim. Plaintiff has

failed to show substantial similarity in the two works, and, therefore failed to show any likelihood of confusion.