ACT YOUNG IMPORTS, INC., Plaintiff,

v.

B AND E SALES COMPANY,
INC., Defendant.

No. 85 Civ. 7188 (RO).

United States District Court,
S.D. New York.

Jan. 21, 1987.

Kirschstein, Kirschstein, Ottinger & Isra-
el, P.C., New York City (Martin W. Shiff-
miller, Pat Gerbino, of counsel), for plain-
tiff.

Amster, Rothstein & Engelberg, New
York City (Anthony F. LoCicero, of coun-
sel), for defendant.

### AMENDED MEMORANDUM
### AND ORDER

OWEN, District Judge.

This is an action for copyright and trade-
mark infringement and for unfair competi-
tion. Plaintiff claims that after being
shown samples of copyrighted animal
shaped children's backpacks with reg-
istered trademark tags in plaintiff's show-
room, defendant went to Asia and had iden-
tical copies of plaintiff's product made by
the same manufacturer employed by plain-
tiff. Defendant then undersold plaintiff in
the United States and choked off the high-
er priced market for the original product.
Plaintiff seeks damages and an injunction
against further infringement.

Plaintiff now moves for summary judg-
ment pursuant to Fed.R.Civ.P. 56(b) on the
following claims: (1) copyright infringe-
ment arising out of defendant's sale of

exact copies of plaintiff's backpack; (2) infringement of plaintiff's registered trademark "PET PALS" by defendant's use of the mark "PET PACK" on a virtually identical yellow oval identification tag; (3) false representations in commerce and false designations of origin under 15 U.S.C. § 1125(a) resulting from defendant's deceptive simulation of plaintiff's products and trademark; and (4) unfair competition under the common law of the State of New York.

Defendant has responded with a motion for summary judgment on the copyright claim on the grounds that the packs are not copyrightable, and in the alternative, that the infringement was innocent and therefore exempt from liability under 17 U.S.C. § 405(b). On the remaining claims defendant argues that the Pet Packs are unique and clearly distinguishable from the plaintiff's Pet Pals.

Summary judgment is favored in this circuit where there exist no unresolved material issues of fact and where as a matter of law the moving party is entitled to judgment. *Knight v. U.S. Fire Insurance Company et al.,* 804 F.2d 9, 12–13, 186–7 (2nd Cir.1986). Defendant here has presented no evidence of a genuine dispute on a material factual issue. As a matter of law, plaintiff is entitled to judgment on all four counts.

### 1. The Copyright Infringement Claim

■ In order to prove copyright infringement under 17 U.S.C. § 501, a plaintiff must show ownership of a valid copyright and copying by the defendant. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090, 1092 (2d Cir.1977); *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.,* 482 F.Supp 980 (S.D.N.Y.1980). Defendant admits having copied plaintiff's backpacks but challenges the validity of plaintiff's copyright. Defendant argues that the backpacks' utilitarian character makes them uncopyrightable.

■ Plaintiff has introduced copies of Copyright Office certificates of registration for four of the copied animal backpacks. Such a certificate "constitutes prima facie evidence of the validity of the copyright".

17 U.S.C. § 410(c) (Copyright Act of 1976). This rebuttable presumption of copyright validity may be challenged by evidence offered by defendant. *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980). Defendant here proposes that backpacks are utilitarian and therefore cannot be copyrighted. Examination of the backpacks yields the conclusion, however, that the artistic aspect of the backpack, that is the animal image, is separate from the useful function of the packs. Therefore, the backpacks are copyrightable. *See Carol Barnhart Inc. v. Economy Cover Corp.,* 773 F.2d 411, 419 (2d Cir.1985) (torsos held not copyrightable because aesthetic features inextricably intertwined with function); *Kieselstein–Cord v. Accesories by Pearl, Inc.,* 632 F.2d 989 (2d Cir.1980) (belt buckles copyrightable because artistic element unrelated to and conceptually separable from useful function).

■ Defendant also presses the defense of innocent copying. However the admitted copying was not exempt from liability under 17 U.S.C. § 405(b) because that exemption requires that the innocent infringer rely upon "an authorized copy ... from which copyright notice has been omitted". Defendant has come forward with no evidence that the backpack from which their copies were made was such an authorized copy. By contrast, plaintiff has offered affidavits attesting to the fact that the manufacturer from whom defendant ordered copies was clearly not authorized to show the backpacks to others. The evidence clearly demonstrates that the infringement of the copyright was willful in this case. Defendant's representative saw the item in plaintiff's showroom in New York. Even if another of defendant's representatives acted in good faith when he ordered copies made in Asia, which seems doubtful, defendant's employees in the United States must have realized the source of the design when the copies arrived from Asia. In addition the copying of the yellow tag, detailed below, adds to the evidence that this was a willful infringement. Therefore defendant's defense fails and summary judgment is granted to plain-

**674**

tiff on the copyright claim with an explicit finding that the infringement was willful.

### 2. The Trademark Infringement and Unfair Competition Claims

■ Defendant's only opposition to the remaining counts is a bald assertion that the two products are not likely to be confused. Examination of the backpacks lends convincing credence to plaintiff's evidence that the backpacks were actually confused by retailers. That such confusion was clearly the intended effect of defendant's design is evidenced by the fact that the yellow oval tags are identical and were copied directly from plaintiff's tags in spite of the clear trademark sign on the plaintiff's tags. This is also persuasive proof of defendant's state of mind given the evidence that defendant's employee noted the trademark on plaintiff's product and warned the defendant that trademark problems would follow from such direct duplication. There are thus no issues of material fact and, plaintiff being entitled to judgment as a matter of law, summary judgment is awarded to plaintiff on the remaining claims as well.

A hearing before a magistrate is ordered on the question of damages.