RECYCLED PAPER PRODUCTS, INC.,
and Sandra Boynton, Plaintiffs,

v.

PAT FASHIONS INDUSTRIES, INC.,
Starlight Trading Company, and
Evian Ltd., Inc., Defendants.

No. 90 Civ. 0804 (DNE).

United States District Court,
S.D. New York.

March 2, 1990.

Winston & Strawn (James J. Terry, of counsel), New York City, for plaintiffs.

Blum Kaplan (Laura E. Goldbard, of counsel), New York City, for defendants.

EDELSTEIN, District Judge:

The Court is faced with a confrontation between the likenesses of two teddy bears.

*I. Background*

Plaintiffs Recycled Paper Products and Sandra Boynton, ("Recycled Paper") first moved this Court for a temporary restraining order, order of expedited discovery, and an order to show cause for a temporary injunction against defendants Pat Fashions, Starlight Trading, and Evian, (collectively, "Pat Fashions") pursuant to Rule 65 of the Federal Rules of Civil Procedure for alleged copyright infringement. The current dispute is over Pat Fashion's alleged infringement of the plaintiff's copyrighted "Theodore Bear" teddy bear, whose likeness adorns plaintiffs' line of greeting cards and other novelty items, and has

been licensed for use on all sorts of other products, including wallpaper and some clothing. Pat Fashions sells two styles of a maternity shirt adorned with a pattern of likenesses of a teddy bear. The bear on these maternity shirts, plaintiffs allege, is substantially similar to their copyrighted bear and an infringement.[1]

Recycled Paper first brought this action on February 7, 1990 before Judge Leval in Part 1, who denied their request for the temporary restraining order, and set the matter for a hearing on the preliminary injunction on March 1, 1990. On February 21, 1990, plaintiffs returned to Judge Greisa in Part 1 in search of further relief, including expedited discovery. Judge Greisa granted their requests for expedited discovery, including deposition testimony of non-party Bloomingdales Department Store.

Recycled Paper now moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction to bar all current and future sales of defendant's products bearing likenesses of plaintiffs' bear. Plaintiffs also ask for relief based on trademark and unfair competition claims. At a hearing held March 1, 1990, the Court considered only the copyright claims for the purposes of the preliminary injunction. At the March 1, 1990 hearing, Pat Fashions consented to a preliminary injunction against any future manufacture or sales. Currently, the defendants have in inventory a total of some 342 dozen maternity shirts in both styles. Parties disagreed over the scope of the injunction and the disposition of defendants' inventory.

## II. Plaintiff's Motion for an Injunction

The standard for issuing a preliminary injunction in this circuit is a showing of (a) irreparable harm *and* (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly towards the plaintiff requesting the preliminary injunctive relief. *Kaplan v. Board of Education*, 759 F.2d 256, 259 (2d Cir.1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979).

### A. Irreparable Harm

In order to demonstrate irreparable harm for copyright infringement under 17 U.S.C. § 501 (1982), a plaintiff must make out a *prima facie* showing of infringement. *Gund, Inc. v. Russ Berrie and Co.*, 701 F.Supp. 1013, 1017–18 (S.D.N.Y.1988); *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1094 (2d Cir.1977). For a plaintiff to make a *prima facie* showing of infringement, he must demonstrate (1) ownership of a valid copyright, and (2) copying of plaintiff's original copyrighted material by defendants. *Gund, supra*, 701 F.Supp. at 1018; *Novelty Textile, supra*, 558 F.2d at 1094.

In this dispute, plaintiffs have established both elements of the test for irreparable harm. In their moving papers plaintiffs include certificates which indicate registration of and valid ownership of copyrights in the likeness of the Theodore bear. Plaintiffs' Theodore bear first appeared on plaintiffs' products in 1983, and the copyrights were registered in 1989. Sales of items bearing the Theodore bear have generated millions of dollars for the plaintiffs.

Defendants dispute plaintiffs' ownership by alleging that (1) some of the plaintiffs' works were reproduced without protective copyright notice, and (2) that some time may have lapsed prior to the registration of these copyrights to leave the works in the public domain. Defendants have supported their arguments only with assertions, and had ample opportunity to prove their claims through the expedited discovery granted by Judge Greisa to support this claim before the March 1, 1990 hearing. While defendants may later present evidence bolstering these claims, the Court cannot give credence to these assertions at this time.

---

1. The garments in question have been reproduced as part of plaintiff's moving papers, in the affidavit of Sandra Boynton in Support of Plaintiff's Motion for a Preliminary Injunction dated February 5, 1990 at exhibits G and H.

■ To meet the second prong of the test for copyright infringement, the plaintiff must establish copying by the defendant.[2] Absent direct proof of copying, plaintiffs may prove copying by demonstrating (1) that the defendant had access to the plaintiff's work, and (2) that the two bears are substantially similar. *Gund, supra*, 701 F.Supp. at 1018; *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 499 (2d Cir.1982); *Novelty Textile, supra*, 558 F.2d at 1092.

Plaintiffs have persuasively demonstrated that defendants had access to plaintiffs' work. Plaintiffs' products have been sold in retail stores all throughout the United States since 1983. Plaintiffs have submitted detailed evidence which provided the multitude of stores which sold plaintiffs' merchandise bearing the Theodore bear. Since 1987 alone, plaintiffs have sold over $2,500,000 worth of merchandise bearing the Theodore bear. These products have been sold both nationally and internationally.

Substantial similarity may ensue when the "look and feel" of the two works is substantially the same. *Eden Toys, supra*, 675 F.2d at 500. In this circuit, a traditional test is if the "ordinary observer, unless he set out to detect the similarities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Gund, supra*, 701 F.Supp. at 1018 *quoting Peter Pan Fabrics v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1960). A comparison of the two bears meets either view of substantial similarity.

Without resorting to detailed descriptions of the two bears, to this observer they appear substantially similar. Both are short, squat, rounded bears drawn with fatuous expressions, and garnished with small, rounded ears. Both bears have adorning ribbons, but no other clothes. The heads and torso are approximately equal in proportion, and both bears have two small feet. Defendants point out numerous differences between the bears, including differing expressions, ears, ribbons, and podiatrical shape. While the bears have some small differences, their "look and feel" are substantially similar. In addition, the likenesses of the bears are often small in size, so that the ordinary customer would most likely find the two bears substantially similar.

Defendants argue that while the bears are similar, all stylized bears share similar features and the similarity is the result of defendants properly reproducing a cute bear. Such an argument is substantially similar to one rejected by this Court in the *Gund* ostrich controversy. In *Gund, supra*, 701 F.Supp. 1013, this Court rejected that defendant's contention that the likenesses between the two ostriches was the result of their incorporating the natural features of what a cute ostrich would be. While stylized drawings of bears may have some common features, other examples of drawn teddy bears provided by defendants in the affidavit of Matthew W. Siegel dated February 26, 1990 demonstrate that other drawn bears may be significantly different.

### B. Balancing of the Equities

■ Plaintiffs must also persuade this Court that there are sufficiently serious questions going to the merits as to make them a fair ground for litigation and the balance of hardship tips decidedly towards the plaintiffs. While the plaintiffs have demonstrated a persuasive case for copyright infringement, the defendants argue that the balance of hardships would tilt decidedly against them, due to their significant inventory of maternity shirts.

Defendants argue that they, not the plaintiffs, face irreparable harm from an injunction. Defendants represent that they have been selling the maternity shirts in question for over one year, that they are a reputable company with over $80 million dollars in annual sales with significant lines

---

**2.** Defendants may have conceded that actual copying occurred. At oral argument, defendants indicated that the source of their bear was a greeting card picturing a bear that bears a strong likeness to the bear. Such an admission virtually concedes copying, since the described card undoubtedly was plaintiff's copyrighted work. But absent absolute proof of this direct copying, plaintiffs have still established substantial similarity.

of merchandise sold in lower-end retail outlets. The defendants argue that to enjoin them from meeting their previously contracted obligations to these stores would damage their reputation, and injure their future prospects out of proportion to plaintiffs potential pecuniary loss from selling the remaining 342 dozen items.

Plaintiffs maintain that the total value of defendants' inventory of maternity shirts is minuscule in comparison to their overall revenues. Further, plaintiffs argue that defendants sell their merchandise at retail outlets inferior to their target market, and such sales would injure their own company's reputation and image. The plaintiffs contend that the only solution is to remove the maternity shirts from the stream of commerce.

This Court sympathized with defendants' concerns, and delayed issuing any injunction in order to arrange a compromise solution that might mitigate this potential problem. After hours of negotiation, the parties could not agree on any intermediate disposition of the remaining inventory short of this injunction. Defendants' arguments in this regard are virtually identical to those rejected by the *Gund* Court. *Gund, supra,* 701 F.Supp. at 1026. Since the outstanding inventory in this matter is even more insignificant to Pat Fashions than to the defendants in the *Gund* instance, this argument of the defendants must also be rejected.

*III. Conclusion*

Plaintiffs motion for a preliminary injunction is hereby granted.

It is hereby ordered that the defendants, their officers, agents, representatives, servants, employees and attorneys, and those persons acting in concert or privity with the defendants, are hereby preliminarily enjoined pending the final disposition of this matter, from creating, designing, drafting, copying, producing, importing, distributing, advertising, labelling, manufacturing, selling, displaying and/or using, or licensing another to do the same, without the express permission, license, consent or authorization of plaintiffs, (1) any repro-

duction, copy or colorable imitation of the Theodore bear designed by plaintiff Boynton; (2) all unsold articles, including articles in production, articles in inventory, articles removed from inventory by not yet shipped, and articles returned to defendants, displaying the Theodore bear, including but not limited to defendant's style number 58915, 58922, 58926, 58927, 28933, 58934, 59412, and 59416.

It is further ordered that defendants shall destroy or deliver to plaintiffs all unsold articles displaying the Theodore bear including all articles in production or inventory, all articles removed from inventory but not yet shipped, and all articles returned to defendants. Plaintiffs are to post a bond in the amount of sixty thousand dollars ($60,000) within five business days of the entry of this order. Plaintiffs' request for a hearing on awarding of counsel fees for this motion shall be stayed pending further proceedings in this matter.

SO ORDERED.