**RUNSTADLER STUDIOS, INC.,**
a California corporation,
Plaintiff,

v.

**MCM LIMITED PARTNERSHIP, d/b/a Merrill Chase Galleries Limited Partnership, N Corporation, a Nevada corporation, General Partner, and Jeph Bilsky, Defendants.**

No. 90 C 2642.

United States District Court,
N.D. Illinois, E.D.

June 14, 1991.

Eugene E. Gozdecki, Paul L. Zido, Howard A. Vocks, Gozdecki, Zido & Behnke, Chicago, Ill., for plaintiff.

James T. Fizgibbon, Angelo J. Bufalino, Curtis Michael Kendall, Lockwood, Alex, Fitzgibbon & Cummings, James King Gardner, Kenneth Clark Schirle, Neal, Gerber & Eisenberg, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Runstadler Studios, Inc. Runstadler), owner of the copyright on a sculpture known as "Spiral Motion," brought suit against defendants MCM Limited Partnership (Merrill Chase) and Jeph Bilsky (Bilsky) claiming copyright infringement. The complaint also alleges deceptive trade practices by the defendants and claims liability under the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½,

¶¶ 311 *et seq.* Runstadler then filed a motion for preliminary and permanent injunctive relief.[1] On August 17, 1990, following several days of hearings, this court found that Bilsky had indirectly copied Spiral Motion, but left for another day whether Runstadler's copyright was valid and whether defendants infringed any valid copyright. That day is now here and, while we find the copyright valid, we find no infringement. Consequently, we deny plaintiff's motion for a permanent injunction.

### FACTS

Sometime between July and December of 1983, plaintiff produced Spiral Motion, a glass sculpture. This sculpture is composed of 39 clear glass rectangles, overlying each other to form a spiral with approximately 405° of arc. The rectangular glass panes are approximately 24 inches long,[2] 1¼ inches wide, and ³⁄₁₆-inch thick. The panes are unbeveled and thus have six surfaces. In the spiral, the hexahedrons touch at their tips. On January 11, 1988, Runstadler applied for a copyright registration, using a form for registering textual materials (class TX) rather than visual arts (class VA). Pictures of Spiral Motion were attached to the January 11th application. On February 12, 1988, the Copyright Office issued Certificate of Registration No. TX 2,280,285 for Spiral Motion.

In 1986 or 1987, Bilsky produced a spiral sculpture that had similarities to and differences from Spiral Motion. The Bilsky sculpture also is composed of glass panes, although it uses only 17. These panes are beveled, resulting in panes of ten faces.

The decahedrons are 24 inches high, 3 inches wide, and ¼-inch thick. Because of the beveled surfaces the decahedrons of the Bilsky sculpture overlap at the inside edges. The arc formed by the spiral is approximately 360°. Bilsky filed an application in 1987 to register a copyright on his sculpture, but the Copyright Office rejected his application, contending that the sculpture was an uncopyrightable aggregation of generic shapes.[3] Subsequently, Bilsky agreed to allow Merrill Chase to sell copies of his work, and Merrill Chase has sold such items.

### DISCUSSION

■ The plaintiff has the burden of proving copyright infringement. To prevail, the plaintiff must show that it owns a valid copyright and that the defendant "copied" its work.[4] *Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 614 (7th Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982).

### I. *Does Runstadler Have a Valid Copyright?*

■ Defendants dispute that plaintiff has a valid copyright, contending that Spiral Motion does not contain copyrightable subject matter; that plaintiff's work is not original or sufficiently creative; and that Runstadler's sculpture does not contain any copyrightable expression. Plaintiff of course disputes all of defendants' arguments and points out that the certificate of copyright registration for Spiral Motion is "prima facie evidence of the validity of the

---

1. Pursuant to Fed.R.Civ.P. 65(a)(2) we ordered consolidation of the motions for preliminary and permanent injunctive relief. The parties did not object to this action; consequently, we only rule on plaintiff's motion for a permanent injunction.

2. 33 panes are 22 inches long, while the other six are slightly longer, the sculpture free-standing on those six panes.

3. Bilsky filed on a form for registering visual artworks.

4. The Seventh Circuit has used several alternate descriptions of these elements. *See Roulo v.*

*Russ Berrie & Co.,* 886 F.2d 931, 939 (7th Cir. 1989) (ownership, access and substantial similarity), *cert. denied,* — U.S. —, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990); *Selle v. Gibb,* 741 F.2d 896, 900 (7th Cir.1984) (ownership, originality, copying and substantial similarity); *Scott v. WKJG, Inc.,* 376 F.2d 467, 469 (7th Cir.) (copying and unlawful appropriation of protected material where validity was not contested), *cert. denied,* 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91 (1967). These varied statements have caused some confusion in the district courts. We deal further with this question in part II *infra.*

copyright." *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir.1989); 17 U.S.C. § 410(c). However, this presumption of validity is rebuttable. *See Carol Barnhart, Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir.1985). Because Runstadler has produced the copyright certificate to Spiral Motion, the burden shifts to the defendants to present evidence of copyright invalidity. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 826 (11th Cir.1982).

■ Defendants, however, argue that the presumption of validity should not apply in this case or, if it applies, it should be a weakened presumption. We disagree. Defendants first argue that the registration is invalid because Runstadler applied using the wrong form. However, the certificate remains valid in the absence of fraud. *See Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984); *Apple Computer, Inc. v. Microsoft Corp.*, 759 F.Supp. 1444, 1453–54 (N.D.Cal.1991); *Folio Impressions, Inc. v. Byer California*, 752 F.Supp. 583, 591 (S.D.N.Y.1990). Defendants have introduced no evidence of "knowing failure" by Runstadler to advise the Copyright Office of all the facts. To the contrary, we note that although Runstadler used the wrong application form, it attached photographs of Spiral Motion to the application.

■ Defendants next argue that the presumption of validity should be weakened. Defendants correctly point out that this presumption of copyright validity only applies if the certificate of registration is dated within five years of first publication of the work. 17 U.S.C. § 410(c). However, defendants contend, without providing any support, that this presumption becomes weaker when an author applies for registration close to the five-year cutoff. We find no support for defendants' argument. Section 410(c) states that if registration is made within five years the certificate is *prima facie* evidence of validity. If the statutory language is clear, the courts must take the plain meaning as conclusive. *Sullivan v. Stroop*, —— U.S. ——, 110 S.Ct. 2499, 2502–03, 110 L.Ed.2d 438 (1990) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291–92, 108 S.Ct. 1811, 1817–18, 100 L.Ed.2d 313 (1988)). We see no language in the statute to justify a sliding scale of validity. The presumption of validity of the copyright on Spiral Motion stands.

■ Defendants have introduced a number of arguments in an attempt to show that Runstadler's copyright is invalid. Defendants first contend Spiral Motion is not an "original work of authorship" that is entitled to receive copyright protection. *See* 17 U.S.C. § 102(a). We note that the presumption of copyright validity implies a presumption of originality. *See Folio*, 752 F.Supp. at 586 n. 3. Recently the Supreme Court stated two requirements, independent creation and creativity, flow from this statutory phrase, which has its origin in the Constitution. *Feist Publications, Inc. v. Rural Telephone Service Co.*, —— U.S. ——, ——, 111 S.Ct. 1282, 1287–88, 113 L.Ed.2d 358 (1991). Turning first to independent creation, defendants have introduced no evidence that Runstadler copied Spiral Motion—they have not overcome the presumption of originality.

■ Defendants next argue that Spiral Motion is lacking in creativity because the sculpture is simply a combination of uncopyrightable standard shapes. The level of creativity required for a valid copyright is "extremely low." *Id.* 111 S.Ct. at 1287. Further, contrary to defendants' assertions, combinations of standard shapes may possess the requisite creativity necessary for copyright protection.[5] *See Roulo*, 886 F.2d at 939–40 (unique combination of common elements copyrightable); *Atari Games Corp. v. Oman*, 888 F.2d 878, 883–84 (D.C.Cir.1989) (collecting cases). We hold that Spiral Motion possesses the required creativity to qualify as an original work of authorship. The choice of location, orientation and dimensions of the glass

---

5. Defendants also argue that the Copyright Office's failure to register Bilsky's spiral proves that the combination of glass rectangles cannot be a proper subject of copyright. Whatever the Copyright Office's actions with respect to Bilsky's application, the case law is contrary.

panes, and the degree of arc of the spiral, show far more than a trivial amount of intellectual labor and artistic expression on plaintiff's part.

Defendants next contend that Runstadler's copyright is invalid because it is an uncopyrightable idea. *See* 17 U.S.C. § 102(a). Defendants claim that the idea behind Spiral Motion is "a spiral composed of long and thin rectangular panes of glass which overlie one another rotating around a common axis and fastened together with invisible glue" (Mem. of Merrill Chase at 7). Plaintiff counters that the idea is "a spiral sculpture composed of rectangular pieces of glass" (Pl. Reply Mem. at 23). That takes us into the tension between idea and the expression of that idea, a difficult concept that we consider more fully later. For now, however, we confine our determination to the conclusion that Spiral Motion is one expression of an idea, among possible others, which is, perhaps, another way of saying that it possesses originality. *See Whelan Assocs. v. Jaslow Dental Laboratory,* 797 F.2d 1222, 1236 & n. 28 (3d Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987) ("Where there are various means of achieving the desired purpose, then the particular means chosen is not necessary to the purpose; hence, there is expression, not idea.").

In summary, defendants have not overcome the presumption that plaintiff's copyright is valid.

## II. *Did Bilsky "Copy" Spiral Motion?*

■■■■ To prevail, plaintiff has the burden of showing that defendants "copied" Spiral Motion. We have placed "copy" in quotes because it is used in two senses. Plaintiff must establish, directly or inferentially, that defendant was aware of plaintiff's work and relied upon it in creating the allegedly infringing work. That inquiry raises factual issues. Did the defendant have access to plaintiff's work? If proof of access is lacking or uncertain, are there substantial similarities that, in the circumstances of the case, indicate defendant was aware of and relied upon plaintiff's work in creating his own? Even if

we determine that the allegedly infringing work was derived from the copyrighted work, we must still determine whether the defendant "copied" that work, in the sense that he illegally appropriated protected expression, and the concept of substantial similarities is central to that determination as well. *See Stillman v. Leo Burnett Co.,* 720 F.Supp. 1353 (N.D.Ill.1989).

In the August 17, 1990 proceedings we held that Bilsky copied Spiral Motion in the sense that he indirectly relied upon it. This conclusion was based on a finding of access by Bilsky. We found that one Robert Kalinski saw Spiral Motion at the Merchandise Mart and made a drawing of the sculpture (Rec. of August 17, 1990 proceedings, at 2–3). We further found that Bilsky had access to the Kalinski drawing and that Bilsky did not design his own spiral prior to the time he had such access. *Id.* at 3–5. "Dissecting" the works, we found both similarities and differences between the two sculptures.

Both works are sculptures of spirals that use rectangular panes having a length of approximately 24 inches. The axes of both spirals are parallel to the horizontal plane. There are, however, several differences. The sculptures have different diameters, as well as different arcs (360° for the Bilsky spiral versus 405° for Spiral Motion). The Bilsky spiral uses fewer rectangular panes (17 versus 39)—those panes are substantially wider (3 inches versus 1¼ inches), slightly thicker (¼-inch versus ³⁄₁₆ -inch) and are beveled (decahedrons versus hexahedrons). *Id.* at 7. In spite of these differences, we stated at the time of the August 17 proceedings and now reiterate, that there were sufficient similarities between the two works to infer that Bilsky copied Spiral Motion, *id.* at 9 ("similarity between 'Spiral Motion,' the [Kalinski] drawing and the Bilsky spiral").

At the time of the August 17 proceedings we left unanswered the question of whether Bilsky improperly appropriated the expression of the Spiral Motion, *id.* at 6 (idea/expression question), 7 (different expression). We now turn to this unanswered question.

III. *Did Bilsky Illegally Appropriate
Protected Expression?*

▉ "The most notorious problem in
copyright law is the idea/expression dichot-
omy." Wiley, "Copyright at the School of
Patent," 58 U.Chi.L.Rev. 119, 121 (1991).
That dichotomy has the imprimatur of stat-
utory approval, 17 U.S.C. § 102(b), but that
approval does not lessen the difficulties of
application. The scope of protectible ex-
pression "depends upon the level of ab-
straction at which the court conceives the
interest protected by the copyright," *Nash
v. CBS, Inc.*, 899 F.2d 1537, 1540 (7th Cir.
1990), and the problems of that approach
are well described in that case. The ab-
stractions approach "vividly describes the
nature of the quest," 3 M. Nimmer, *Nim-
mer on Copyright* § 13.03(A) at 13–27
(1990), but the ultimate determination is
necessarily subjective. *Atari, Inc.*, 672
F.2d at 615. The difficulties of that ap-
proach are further compounded by the
tests employed by courts to answer, as best
they can and as they must, the unanswera-
ble. In one sense, the scope of protection
is essentially a legal issue: what is the
extent of the monopoly provided by the
statute? Once that is determined then we
must determine whether the second work
improperly appropriates the protected ex-
pression. The tests employed, however,
have a tendency to collapse that dual in-
quiry into one, however it is formulated.
And the formulations are several, with
some or all of them being relied upon in a
single case. Triers of fact are asked to act
as "ordinary observers" in determining,
without analytical dissection and with par-
ticular attention to similarities, whether or
not there are "substantial similarities" be-
tween the works. They are asked if the
accused work captures the "total concept
and feel" of the protected works. Those
tests must however "take into account that
the copyright laws preclude appropriation
of only those elements of the work that are
protected by copyright," and the establish-
ment of those parameters does require an-
alytical dissection. *Id.* at 614; *Harper
House, Inc. v. Thomas Nelson, Inc.*, 889
F.2d 197, 206 (9th Cir.1989); *Aliotti v. R.*

*Dakin & Co.*, 831 F.2d 898, 901 (9th Cir.
1987).

In determining the level of abstraction at
which the court conceives the interest pro-
tected by copyright, it is perhaps helpful to
keep in mind the purpose of the quest.
Congress grants to the owner of a valid
copyright a rather extended monopoly
against copying the fruits of intellectual
labor, that monopoly being conferred upon
the originator by his own compliance with
modest notice requirements and virtually
without prior governmental review. *Feist
Publications, Inc., supra; Herbert Rosen-
thal Jewelry Corp. v. Kalpakian*, 446 F.2d
738 (9th Cir.1971). Copyright is intended
to encourage original work by protecting
the expression of originators without un-
duly restricting later creators as they build
upon the work of others. *Nash*, 899 F.2d
at 1540–41. The statutory idea/expression
dichotomy is a description of the opposing
considerations that Congress has directed
the courts to balance in enforcing the stat-
utory scheme.

In balancing those considerations per-
haps it is also helpful to borrow from trade-
mark terminology. Some works, such as
Hogarth's *Rake's Progress*, make their im-
pact in part because of the wealth of their
detail, and the pirating of their expression
may be rather clearly evident. *See* Kunzle,
"Hogarth Piracies and the Origin of Visual
Copyright," *Fair Use and Free Inquiry*,
21 (2d Ed.1989). In others, the original
expression is in the context of a work
drawing heavily upon material in the public
domain and the copyright can be character-
ized as "thin," *Feist Publications*, 111
S.Ct. at 1289, or "weak," *Franklin Mint
Corp. v. National Wildlife Art Exchange*,
575 F.2d 62, 65 (3d Cir.), *cert. denied*, 439
U.S. 880, 99 S.Ct. 217, 58 L.Ed.2d 193
(1978), to the point where analytic dissec-
tion demonstrates that all similarities in
expression arise from the use of common
ideas, *Aliotti*, 831 F.2d at 901.

As a work embodies more in the way of
particularized expression, it moves far-
ther away from the bee pin in *Kalpaki-
an*, and receives broader copyright pro-
tection. At the opposite end of the spec-
trum lie the "strongest" works in which

fairly complex or fanciful artistic expressions predominate over relatively simplistic themes and which are almost entirely products of the author's creativity rather than concomitants of those themes. *Atari, Inc.*, 672 F.2d at 617. That does not mean, of course, that relatively simple works are not entitled to protection. *See Roulo, supra; Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600 (1st Cir.1988). It does mean that a court must consider whether the accused work has similarities arising from appropriation of expression or whether it is a variation of an unprotected theme, a diversity of expression rather than an echo. *Franklin Mint*, 575 F.2d at 66–67.

We turn, then, to a consideration of the appropriate level of abstraction in this case and to "an ocular comparison of the works themselves...." *Atari, Inc.*, 672 F.2d at 614. Plaintiff describes the idea as a spiral structure composed of rectangular pieces of glass; to defendants it is a spiral composed of long and thin rectangular panes of glass that overlie one another, rotating around a common axis and fastened together with invisible glue. It is evident that no one disputes that plaintiff cannot appropriate any repetition of simple geometric shapes, spirals generated by sequentially rotating shapes around a common axis, coaxial spirals, or a succession of flat rectangles arranged in a spiral. It is here that Bilsky obtains some solace from the Copyright Office's rejection of his spiral as being nothing more than a combination of basic geometric designs. While initially emphasizing that it used glass as a medium, plaintiff subsequently has not contended that the use of glass constituted an element of expression, apparently realizing that it gains nothing protectible by using a common medium in its expression of a concept. *See L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir.), *cert. denied*, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976); 1 Nimmer, § 208(c). at 2–108 (1990).

Plaintiff contends, however, that Spiral Motion goes well beyond being just a spiral structure composed of rectangular pieces of glass. It describes the work as a free-standing sculpture composed of a sequential arrangement of rectangular pieces of glass substantially longer than they are wide, that overlie one another and bit-by-bit rotate around and form a common axis of at least a complete circle, with the edges of the rectangles radiating from the center like spokes on a wheel, while converging across each other to form a clear center.

The distinctions drawn by plaintiff between idea and expression illustrate the difficulty of determining protectible expression by articulating a level of abstraction. Much of plaintiff's description appears to be a somewhat detailed way of saying "glass pinwheel." In a fanned deck of cards, for example, the cards overlie each other and may form a common axis of at least a complete circle, and a spiral of glass rectangles may be composed of uniform pieces of varying dimensions. But even if plaintiff's description contains elements of protectible expression, it cannot prevail.

Spiral Motion and the Bilsky spiral are both free-standing glass spirals. The ordinary observer here is a relatively sophisticated observer. Spiral Motion is relatively expensive and is intended for sale as an art object to collectors and the like. The Bilsky spiral is considerably less expensive and is directed toward a less discriminating audience, but it can by no means be characterized as a fairly undiscriminating audience. *See Dawson v. Hinshaw Music, Inc.*, 905 F.2d 731, 735 (4th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 511, 112 L.Ed.2d 523 (1990); *Atari, Inc.*, 672 F.2d at 619. Indeed, no one testified that a discriminating observer, giving more than distant and casual attention to the spiral, would confuse one for the other.[6] The differences between them have been previously noted. Assuming a significant level of protectible expression, those differences

---

**6.** We have previously determined that Kalinski relied upon Spiral Motion and Bilsky relied upon Kalinski. The Kalinski spiral was not, however, a "knockout." The drawing contemplates the use of approximately 80 prisms, more than four times the number in Bilsky and about two times the number in Spiral Motion, with slightly thinner prisms and a considerably wider base than the two spirals.

in and of themselves do not negate infringement. They do, however, combine to produce a different concept and feel. Spiral Motion has a light, airy, delicate, graceful feel to it. In comparison, the Bilsky spiral has a considerably heavier, more massive feel to it. Being glass art objects, both derive some of their appeal from the effect of light diffused through the piece, but the light diffusion patterns of the two works are considerably different. *Cf. Austin Productions, Inc. v. F.D.F. Design Studio, Inc.*, 1990 Copyright L.Rep. (CCH) ¶ 26,662, at 23,912–13, 1990 WL 198741 (E.D.N.Y.1990) (comparing sculptural pieces).

Based on our analysis of the two works as a whole, and noting that only expression is protected, we hold that an ordinary observer would not find the sculptures to be similar and would note the differences without those differences being brought to his attention. The sculptures are sufficiently different so that the Bilsky spiral does not capture the "total concept and feel" of Spiral Motion. Consequently, plaintiff has failed to show improper appropriation of its copyright work. Thus the two works are not legally substantially similar and we deny plaintiff's motion for a permanent injunction.[7]

## CONCLUSION

While plaintiff has shown a valid copyright in Spiral Motion, plaintiff has failed to show infringement and we deny plaintiff's motion for a permanent injunction.

---

[7]. We decline to rule at this time on plaintiff's allegations of liability under the Illinois Deceptive Trade Practices Act because the issue has hardly been addressed by the parties. If plaintiff pursues this claim, any further motions should include a discussion of the jurisdiction of this court on this state law claim. We request the plaintiff to advise the court of its intentions within fourteen days.