James P. MILLIGAN, Plaintiff,

v.

WORLDWIDE TUPPERWARE, INC., Defendant.

No. 96–CV–077A(SC).

United States District Court, W.D. New York.

March 5, 1997.

Richard D. Grisanti, Buffalo, NY, for Plaintiff.

Ralph L. Halpern, Jaeckle Fleischmann & Mugel, Buffalo, NY, for Defendant.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1), on March 18, 1996. On February 26, 1996, defendant moved for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiff cross-moved for summary judgment and also moved for sanctions pursuant to Fed.R.Civ.P. 37 on March 11, 1996. On November 27, 1996, Magistrate Judge Scott issued a Report and Recommendation, recommending that defendant's motion for summary judgment be granted and that plaintiff's motions for summary judgment and for sanctions be denied.

Plaintiff filed objections to the Report and Recommendation on December 16, 1996.

Defendant opposed plaintiff's objections by Memorandum filed on January 24, 1997. Oral argument on the objections was held on February 5, 1997.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

The Court notes that plaintiff, in an apparent change of strategy, based his arguments before this Court on his contention that the shape of the designs used to create the numbers through the "magic window" in plaintiff's game is substantially similar to those used to create the numbers in defendant's game. The Report and Recommendation of the Magistrate Judge specifically stated that this position was not argued below, but went on to address it sufficiently anyway, finding as a matter of law that there was no substantial similarity between the designs. The Court agrees with this determination.

■ In addition to the analysis offered by the Magistrate Judge in his Report and Recommendation, the Court finds that plaintiff failed to establish copying of his work by the defendant. No direct evidence of copying was offered and, in addition to the failure to show substantial similarity, there was no showing of access by defendant to plaintiff's work. Plaintiff admitted at oral argument that the "Magic Numbers" game was never sold, since the corporation that was going to manufacture and distribute it became defunct on or about 1972, and the game has been lying dormant since the early 1970's.

Accordingly, for the reasons stated, and for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, defendant's motion for summary judgment is granted and plaintiff's motions for summary judgment and for sanctions are denied.

The Clerk of the Court is hereby ordered to enter judgment in favor of the defendant and to take all steps necessary to close the case.

IT IS SO ORDERED.

### Report & Recommendation

SCOTT, United States Magistrate Judge.

This matter has been referred to this court pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) by Order dated March 18, 1996. Before the Court are the parties' cross-motions for summary judgment.

### Background

Plaintiff commenced this action against defendant Tupperware Worldwide Inc. ("Tupperware") based upon an alleged patent infringement. Plaintiff alleges that he created a certain numbers game and book entitled "Magic of Numbers" which is designed to teach children how to add and subtract, and also teaches the alphabet. Plaintiff asserts that on April 18, 1972 the Library of Congress Register of Copyrights issued Registration Number A325425 to Longwin Inc., an assignee of plaintiff with respect to the work entitled "Magic of Numbers" and that on December 11, 1973 Patent No. 3,777,416 was issued to Longwin Inc. with respect to that work. Plaintiff alleges that on September 22, 1972, the patent and copyright were "reassigned" to plaintiff when Longwin Inc. became "defunct". Complaint at ¶ 5.

Plaintiff claims that the defendant infringed his patent and copyright on January 11, 1994 by obtaining Patent No. 5,277,587 for a numbers game and book. Plaintiff also alleges that defendant infringed his rights on May 10, 1994 by obtaining patent rights, Des. 346823, for a numbers game called "Fun in a Flash". Complaint at ¶ 7.

Defendant denies plaintiff's allegations and asserts several affirmative defenses including that there is no legal entity "Tupperware Worldwide Inc.," the court lacks personal jurisdiction over the defendant, that venue is improper, that plaintiff's claims are barred by the statute of limitations, that plaintiff lacks standing to bring the instant claims, that plaintiff has failed to name all necessary parties, and that the patent on the "Magic of Numbers" game had expired.

In its instant motion, Tupperware asserts that summary judgment is appropriate on three grounds:

(a) the Copyright Act does not protect "ideas" as alleged in the complaint;

(b) there is no similarity whatsoever between the instructions to plaintiff's "Magic of Number" game and defendant's patent for the "Fun in a Flash" toy or any other documentation pertinent to the "Fun in Flash" toy; and

(c) Plaintiff's claim amounts to nothing more than a claim of patent infringement which is barred by reason of the expiration of the patent on the "Magic of Numbers" game.

See Defendant's Motion for Summary Judgment dated February 26, 1996.

Plaintiff has cross-moved for summary judgment on liability asserting that the "work of the defendant's 'Fun in a Flash' is at least substantially similar to the creation of plaintiff's Magic of Numbers, and/or Symbol Recognition Teaching Device and therefore defendant is liable as a matter of law." In addition, plaintiff seeks sanctions against defendant "because of the bringing on of this frivolous motion." See Plaintiff's Motion for Summary Judgment dated March 7, 1996.

### Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP Rule 56(c). *Lipton v. The Nature Company,* 71 F.3d 464 (2d Cir.1995). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the

light most favorable to the party opposing the motion (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)), a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir.1986) *cert. denied* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Finally, mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Lipton v. The Nature Company,* 71 F.3d 464 (2d Cir. 1995); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438 (2d Cir.1980); *SEC v. Research Automation Corp.,* 585 F.2d 31 (2d Cir.1978).

In copyright cases, summary judgment is routinely granted when no reasonable person could find the works substantially similar or when the alleged similarity concerns only non-copyrightable elements of the subject work. See *Arica Institute v. Palmer,* 970 F.2d 1067 (2d Cir.1992); *Kregos v. Associated Press,* 3 F.3d 656 (2d Cir. 1993); *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir.) *cert. denied* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986); *Warner Bros. Inc. v. American Broadcasting Companies,* 720 F.2d 231 (2d Cir.1983); *Hoehling v. Universal City Studios, Inc.,* 618 F.2d 972 (2d Cir.) *cert. denied* 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980).

### Plaintiff's Copyright Claim

Plaintiff claims that he continues to enjoy a copyright with respect to his work entitled "Magic of Numbers" and that Tupperware's "Fun in a Flash" game infringes that copyright.[1] Tupperware argues that (1) there

---

1. Although plaintiff's complaint discusses the issuance, assignment and re-assignment of Patent No. 3,777,416, plaintiff admits that Patent No. 3,777,416 expired in 1989. See Affidavit of Richard D. Grisanti, Esq., at page 2. Thus, it is undisputed that plaintiff has no patent rights

has been no infringement inasmuch as the copyright laws do not protect "ideas"; (2) there is no similarity between the "Magic of Numbers" and "Fun in a Flash" instructions; and (3) that plaintiff can not use the Copyright law to enforce an expired patent. In its reply to plaintiff's Cross–Motion for Summary Judgment, Tupperware also claims that the copyright was never re-assigned to plaintiff, and thus, plaintiff lacks standing to maintain these claims.

*The Copyright Laws do not protect "ideas"*

In essence, plaintiff's complaint asserts that both the idea of the game[2] and the instruction book are protected by his purported copyright. Tupperware contends that the copyright laws do not protect "ideas", and thus, the only work by plaintiff subject to any possible copyright is the instruction book identified in the Copyright Registration as being published on December 5, 1971.[3] At paragraph 7 of the Complaint, plaintiff asserts that his "duly registered trademark is still in full force and effect, making the *idea* of this 'Magic of Numbers' game and instructions exclusively the property of plaintiff herein."

Notwithstanding such language in the Complaint, plaintiff now agrees that "ideas" are not subject to the copyright laws, but argues that his copyrighted "work goes beyond a mere or bare idea" and includes any physical rendering of the fruits of creative, intellectual or aesthetic labor under 17 U.S.C. § 101. Thus, plaintiff argues that "[t]he creativity in this case are the designs when used with the 'Magic Window' give a numerical answer to a mathematical problem." It is this creativity that defendant copied, therefore infringed in it's product known as "Fun in a Flash". See Plaintiff's Memorandum of Law dated March 8, 1996 at page 3.

■ It is well-settled that a copyright cannot protect "ideas." *Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630

(1954); *Peter Pan Fabrics Inc. v. Martin Weiner Corp.*, 274 F.2d 487 (2d Cir.1960); *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976); *Durham Industries Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir.1980); *Hart v. Dan Chase Taxidermy Supply Company Inc.*, 86 F.3d 320 (2d Cir.1996).

■ Thus, the "idea" upon which a game is based cannot be copyrighted. Generally:

> It is said that a game is not copyrightable, but this general proposition is subject to qualification. It is true that no copyright can be obtained in the system or manner of playing a game or in engaging any other sporting or like activity. However, some limited copyright protection is nevertheless available in connection with games. It would seem that a *relatively minimal artistic expression, if original, would render copyrightable labels for a game, as well as the pattern or design of game boards and playing cards as pictorial or graphic works. Certain game boards may be copyrightable as "maps". Moreover, the wording of instructions for the playing of a game is itself copyrightable so as to prevent a literal or closely paraphrased copying. Such copyright would not, however, permit a monopoly in the method of play itself, as distinguished from the form of instructions for such play. It has been held that mechanical and structural similarity between plaintiff's and defendant's games will not constitute infringement absent similarity of artwork.

1 *Nimmer, Nimmer on Copyright* § 2.18[H][3][a] (1995).

■ Thus, to the extent that plaintiff's complaint alleges a protected interest in the "idea" upon which the "Magic of Numbers" game is based, the defendant is entitled to summary judgment as a matter of law.

whatsoever with respect to the work that is the subject of this lawsuit.

2. Plaintiff does not allege that the physical structure and appearance of the respective games are similar.

3. See "The Magic of Numbers Game" instruction book attached as Exhibit B to the Affidavit of John A. Doniger.

*There is no substantial similarity between "Magic of Numbers" and "Fun in a Flash"*

■ Although the plaintiff states in conclusory fashion that there is a "substantial similarity" between the "Magic of Numbers" and "Fun in a Flash" games, plaintiff specifically identifies only that the instructions for both games use the phrase "magic window" and that the use of the "magic window" type frame makes the number designs recognizable as "answers to a mathematical problem."

There is no similarity in the structure, design or appearance of the two games. The "Magic of Numbers" game is played on a large number chart or mat that is rolled out on the floor with certain number designs. The players place cards over the various colored squares of the mat. (See "The Magic of Numbers Game" instruction book attached as Exhibit B to the Affidavit of John A. Doniger.) The "Fun in a Flash" game appears to be a mechanical device similar to an old transistor radio (or a modern day "Walkman") in size and shape. The "Fun in a Flash" game is self-contained, that is the cards are stored right in the device. (See Exhibit 2 attached to the Complaint.) The plaintiff does not expressly argue that the geometric shapes or designs of the numbers used in its game are protected or that the geometric shapes or designs it uses are similar to or infringed by the geometric shapes or designs of the numbers used by the defendant. Similarly, with respect to the language in the instruction books, the only similarity noted by plaintiff is the use of the phrase "magic window."

As noted above, the plaintiff does not even allege that the defendant's "Fun in a Flash" game is physically similar to their "Magic of Numbers" game in form, structure or appearance. Instead, plaintiff argues that the defendant's game is "derivative" and constitutes an infringement of their copyright even if expressed in a different "form." (See Plaintiff's Memorandum of Law at page 3–5.) In support of this contention, the plaintiff cites to various cases in which attempts to reproduce popular cartoon or film characters in plastics or chocolate were held not to be copyrightable. (*Gracen v. Bradford Exchange*, 698 F.2d 300 (7th Cir.1983)[4] (artists' drawing of Dorothy from the Wizard of Oz lacked sufficient "originality" to be copyrighted)); *Durham Industries Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir.1980) (manufacture of plastic Mickey Mouse, Donald Duck and Pluto by plaintiff held not copyrightable). In both of those cases, the plaintiff was attempting to recreate the likeness of a popular icon created by someone else, and not only to use the recreated icon for commercial benefit, but to copyright it in its own regard. In this regard, plaintiff's reliance on these cases is not well founded.

■ Indeed, although the *Durham* case is opposite to plaintiff's position, it is particularly instructive to the case at hand. In *Durham*, the defendant toy manufacturer asserted a counterclaim alleging that the plaintiff infringed its copyright by manufacturing a toy similar to one produced by the defendant. There, the Second Circuit held, that in order to prove infringement a plaintiff must show ownership of a valid copyright *and* copying by the defendant. "Since direct evidence of copying is rarely, if ever, available, a plaintiff may prove copying by showing access and 'substantial similarity' of the two works." *Durham*, 630 F.2d at 911 quoting *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092–93 (2d Cir.1977). This same standard applies in the instant matter.

In *Durham*, the Second Circuit then discussed the meaning of "substantial similarity;" and again quoting from *Novelty Textile*, stated:

"Substantial similarity" is to be determined by the "ordinary observer" test. Judge Learned Hand in defining this test stated there is substantial similarity where "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same...." More recently this court formulated the test as "whether

4. In their memorandum of law dated March 8, 1996, plaintiff's counsel incorrectly states that this case was determined by the Second Circuit.

The decision was, in fact, written by Judge Posner of the Seventh Circuit Court of Appeals.

an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." ... And, of course, by definition "(t)he copying need not be of every detail so long as the copy is substantially similar to the copyrighted work."

*Durham*, 630 F.2d at 911–12 (Citations omitted). The Court went on to state that "a general impression of similarity is not sufficient to make out case of infringement" and that "[t]he only similarity of significance in assessing claims of infringement is *similarity of expression*." *Durham*, 630 F.2d at 912 (emphasis added).

The focus is on the "similarity of expression" because, as discussed above and as explained by the Second Circuit in *Durham*, neither the idea itself nor the utility of the idea are protected by the Copyright Act. ("It is an axiom of copyright law that the protection granted to a copyrightable work extends only to the particular expression of an idea and never to the idea itself.") *Id.*, citing *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976) and *Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). Thus, for example, in *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir.1974), the Court held that the owner of a copyright on a particular gold turtle pin had no exclusive right to the idea embodied therein inasmuch as the purpose of the copyright laws is to protect original designs from copying, not to convey any right to exclude others from the market place for jeweled turtle pins. See also *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 740 (9th Cir.1971) (plaintiff may not prevent others from manufacturing and selling jeweled bees).

The plaintiff apparently concedes, and this Court finds that as a matter of law, that the defendant's "Fun in a Flash" game is not substantially similar to the plaintiff's "Magic of Numbers" game in physical form, structure or appearance.[5] (See description of respective games above.)

Just as copyright protection extends to *expression* but not ideas, copyright protection extends only to the artistic aspects, *but not the mechanical or utilitarian features*, of a protected work. See *Mazer v. Stein*, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954). This distinction is embodied in the very definition of pictorial, graphic and sculptural works in the Copyright Act:

> Such works shall include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article. (17 U.S.C. § 101)

Thus, in copyright actions, similarity of idea or function must be distinguished from similarity of artistic expression. *Durham*, 630 F.2d at 913.

In the instant case, it is the "function" of the idea underlying the "Magic of Numbers" game that is the focus of plaintiff's arguments. Neither the plaintiff's complaint or motion papers specifically addresses the geometric or physical design of the "numbers" (or any other part) used in his game. The most specific allegation by plaintiff in this regard is the statement by plaintiff's counsel that "[t]he creativity in this case are the designs when used with the 'Magic Window' give a numerical answer to a mathematical problem." It is this creativity that defendant copied, therefore infringed in its product known as "Fun in a Flash." (See Plaintiff's Memorandum of Law dated March 8, 1996 at page 3.) The plaintiff's arguments, taken in context, focus on the "creativity" of the use of the "magic window" to make the numbers recognizable as numbers. This "creativity" relates to the "function" of the idea—the use of a frame ("magic window") to

---

5. In finding that the two games are not substantially similar "as a matter of law," by necessity the Court finds that no reasonable juror could find that the ordinary observer would regard the protectable aspects of the two games to be substantially similar. See *Durham*, 630 F.2d at 914.

allow number forms to be recognized. The utility or function of this idea is not subject to copyright protection. Thus, to the extent the plaintiff alleges that the defendant infringed his copyright by employing the use of a "magic window" type frame to make its number forms recognizable, defendant is entitled to summary judgment.

Plaintiff cannot claim, and does not allege, to hold a general copyright for the number forms 0 through 9. Although the plaintiff does not expressly allege copyright protection of the specific number forms used in its game, or that the defendant copied those specific number forms, plaintiff's argument "suggests" that *any* design of number forms so that they can be identified only with the use of a "magic window" type frame is protected by plaintiff's copyright. Once again, such an argument confuses the *utility or function* of an idea with the *expression* of the idea. At best, the plaintiff has only a copyright interest in the *specific design* he created to make the numbers used in "Magic of Numbers" recognizable only with use of the "magic window." The concept of designing numbers so that they can be recognized only with the use of a "magic window" type frame is the utility of the idea and is not subject to copyright protection. Thus, to the extent the plaintiff alleges that the defendant infringed his copyright by designing the numbers in the "Fun in a Flash" game so that they can only be identified by the use of a "magic window" type frame, defendant is entitled to summary judgment.

■ As discussed above, the plaintiff does not expressly allege copyright protection of the *specific* number forms used in its game, or that the defendant copied those specific number forms. In any event, an examination of the respective number forms leads the Court to conclude that there is no substantial similarity between the number forms used in the two games. Just as the letters of the alphabet can be expressed in various "type faces," so too can the numbers 0 through 9 be expressed in different "type

faces." Because a "2" is a "2" and an "8" is an "8" ..., there will be general similarities between any two type faces. In other words, the shape of a "2" (or any other number) can be changed only so much before it ceases to be recognized as a "2." Upon review of the type faces used in plaintiff's "Magic of Numbers" game and the defendant's "Fun in a Flash" game (attached respectively as Exhibits 1 and 2 to plaintiff's complaint), the Court concludes that there is no substantial similarity between the two type faces as a matter of law.[6]

■ Finally, all that remains is the question of whether the defendant's use of the phrase "magic window" infringed the plaintiff's copyright. Generally, single words or short phrases are not protectable unless the alleged infringer also "appropriated enough of the plaintiff's 'sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity.'" *Arica Institute Inc. v. Palmer,* 970 F.2d 1067, 1073 (2d Cir.1992) quoting *Salinger v. Random House,* 811 F.2d 90, 98 (2d Cir.1987).

■ Significantly, the plaintiff does not allege that it "originated" the phrase "magic window" or that it holds a copyright with respect to the use of that specific phrase (apart from its copyright of the "Magic of Numbers" game). The defendant points to several uses of the phrase "magic window" dating back to the 1950's, as well as numerous current uses by various toy manufacturers and children's book publishers. (See Defendant's Reply Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Plaintiff's Cross–Motion for Summary Judgment, at pages 12–14.) Under the circumstances present in this case, the use of the phrase "magic window" by the defendant is not an appropriation of a "creative expression" by the plaintiff that is subject to plaintiff's copyright protection.

Thus, the defendant is entitled to summary judgment.

---

**6.** Because the Court finds that the number designs used by the defendant are not substantially similar to the designs used by the plaintiff, it is unnecessary to discuss the defendant's assertion

of the "merger doctrine" which would preclude copyright protection where the expression of an idea is inseparable from the idea itself.

*The Standing Issue.*

In their reply papers, the defendant argues that plaintiff lacks standing inasmuch as the copyright in question was never properly re-assigned from Longwin Inc. to plaintiff. In support of this proposition, attached as Exhibit A to the Affidavit of Ralph L. Halpern, Esq. is a certified statement from the Copyright Office of the United States Library of Congress attesting to the fact that there has been no recordation of any document purporting to re-assign the copyright from Longwin to plaintiff (or anyone else). Inasmuch as this issue was raised in the defendant's reply papers, and not in its original motion papers, the plaintiff has not had an appropriate opportunity to respond. Thus, particularly in light of this Court's findings as to the substantive issues above, this Court declines to address this issue.

### Conclusion

Based on the above, this Court recommends that the defendant's motion for summary judgment be GRANTED, and that plaintiff's cross-motion for summary judgment and sanction be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b) and W.D.N.Y. Local Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *F.D.I.C. v. Hillcrest Associates,* 66 F.3d 566 (2d Cir.1995);

*Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir.1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 72(a)(3) may result in the District Court's refusal to consider the objection.***

SO ORDERED.

Nov. 27, 1996.

